# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
03/12/2013
CT Log Number 522292078

**TO:** Chris Dzbanski
Ford Motor Company
One American Road, WHQ 433-E3
Dearborn, MI 48126

**RE:** **Process Served in Florida**

**FOR:** Ford Motor Company (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | James Oldcorn, on behalf of himself and all others similarly situated, Pltf. vs. Ford Motor Company, Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Document(s) in a Foreign Language, Class Action Complaint |
| **COURT/AGENCY:** | Broward County Circuit Court, FL<br>Case # 13004932 |
| **NATURE OF ACTION:** | Product Liability Litigation - Class Action - Fuel economy of model 2013 Ford Fusion Hybrids and C-Max Hybrids that were sold or leased with a manufacturer's window sticker that contained deceptive and overstated gas mileage estimates and fuel economy rating information resulting in the Plaintiff to pay more for the vehicles than they otherwise would have paid had the vehicles contained accurate gas mileage and fuel economy rating information - Seeking permanent injunction |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/12/2013 at 13:30 |
| **JURISDICTION SERVED:** | Florida |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | John A. Yanchunis<br>Morgan & Morgan, P.A.<br>201 N. Franklin Street<br>7th Floor<br>Tampa, FL 33602<br>813-223-5505 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day<br>Image SOP<br>Email Notification, Chris Dzbanski cdzbansk@ford.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Donna Moch<br>1200 South Pine Island Road<br>Plantation, FL 33324<br>954-473-5503 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

## IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

JAMES OLDCORN, on behalf of himself
and all others similarly situated,

    Plaintiff,

v.

FORD MOTOR COMPANY,

    Defendant.

_____/

**08**

**1 3 0 0 4 9 3 2**
CASE NO.:

CLASS REPRESENTATION

JURY TRIAL DEMANDED

DATE: 3-12-13  TIME: 1:30

**ERIC DEAL**  **S.P.S.  #336**

### SUMMONS

**THE STATE OF FLORIDA:**

To all and singular Sheriffs of said state:

  **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint in the above-styled cause upon the Defendant:

### FORD MOTOR COMPANY
### CT CORPORATION SYSTEM
### 1200 SOUTH PINE ISLAND ROAD
### PLANTATION FL 33324

  Each Defendant is hereby required to serve written defenses to said Complaint or Petition on:

     John A. Yanchunis, Esquire
     **Morgan & Morgan, P.A.**
     201 N. Franklin Street, 7th Floor
     Tampa, Florida 33602
     (813) 223-5505 // FAX: (813) 223-5402

within *twenty (20) days* after service of this Summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service

1

on Plaintiff's attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the Complaint or Petition.

In accordance with the Americans with Disabilities Act, if you are a person with disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Deputy Court Administrator whose office is located at the **BROWARD COUNTY COURTHOUSE, 201 S.E. 6th Street, FORT LAUDERDALE, FL 33301,** and whose telephone number is (954) 831-6565, within two (2) workings day of your receipt of this Summons; if you are hearing or voice impaired, please call 1-800-955-8771.

**WITNESS** my hand and the seal of this Court on this the _____ day of _____, 2013.

**FEB 2 2 2013**

HOWARD C. FORMAN     CLERK OF THE CIRCUIT COURT

By: _____

MARITZA PRIETO

Deputy Clerk

**A TRUE COPY**
Circuit Court Seal

2

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su centa, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denuminada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado del Demanadante).

"De acuerdo con el Acto o' Decreto de los Americanos con Impedimentos Inhabilitados, personas en necesidad del servicio especial para particpar en estee procedimiento deberan, dentro de un tiempo razonable, antes de cualquier procedimiento, ponerse en un tiempo razonable, antes de cualquier procedimiento, ponerse en contacto con la oficina Administrativa de la Corte, Telefono (TDD) 1-800-955-8771 o (V) 1-800-955-8770, via Florida Relay System."

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger' vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

En accordance avec la Loi des "Americans With Disabilities". Les personnes en besoin d'une accomodation speciale pour participer a ces procedures doivent, dans un temps raisonable, avant d'entreprendre aucune autre demarche, contracter l'office administrative de la Court situe

au le telephone ou Telefono (TDD) 1-800-955-8771 ou (V) 1-800-955-8770, via Florida Relay System."

**John A. Yanchunis, Esquire**
**Morgan & Morgan, P.A.**
**201 N. Franklin Street, 7th Floor**
**Tampa, Florida 33602**

4

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

JAMES OLDCORN, on behalf of himself
and all others similarly situated,

    Plaintiff,

v.

FORD MOTOR COMPANY,

    Defendant.

_____/

CASE NO.:

CLASS REPRESENTATION

JURY TRIAL DEMANDED

## CLASS ACTION COMPLAINT

   Plaintiff, James Oldcorn, individually and on behalf of all others similarly situated, based on personal knowledge, the investigation of counsel, and on information and belief, alleges the following against Defendant, FORD MOTOR COMPANY, and states the following:

### NATURE OF THE ACTION

   1.  Plaintiff brings this action to obtain redress for Defendant's unfair, deceptive and unconscionable acts and practices regarding the fuel economy of model 2013 Ford Fusion Hybrids and C-Max Hybrids ("Vehicles") that were sold or leased with a manufacturer's window sticker that contained deceptive and overstated gas mileage estimates and fuel economy rating information.

   2.  Since its release to the public, Defendant has uniformly engaged in unfair, deceptive and unconscionable acts and practices regarding the fuel economy ratings and gas mileage estimates for each of the Vehicles. The uniform unfair, deceptive and unconscionable acts and practices relating to the Vehicles' fuel economy ratings and gas mileage estimates stem

1

from Defendant's failure to comply with Environmental Protection Agency ("EPA") testing procedures relating to fuel economy and gas mileage estimates. As a result of Defendant's unfair, deceptive and unconscionable acts and practices, Plaintiff purchased a vehicle with gas mileage and fuel economy ratings that were higher than they would have been had Defendant complied with EPA test procedures.

3.      Defendant's unfair, deceptive and unconscionable acts and practices regarding the Vehicles' fuel economy and gas mileage estimates were a material factor in inducing Plaintiff and members of the Class to purchase and lease the Vehicles. The EPA numbers provide a necessary tool for vehicle comparison for consumers when evaluating vehicles to lease or purchase. Because the window sticker's representations were grossly inaccurate, many consumers who purchased or leased the Vehicles based on deceptive fuel economy claims have suffered injury.

4.      Plaintiff ordered a 2013 C-Max Hybrid in or around October 2012, and the vehicle was delivered to Plaintiff in or around December 2012. Plaintiff's C-Max fuel economy information was inaccurate and higher than it would have been had Defendant conducted accurate testing of the vehicle and accurately reported the results.

5.      At the time of Plaintiff's purchase, the Vehicles, including the C-Max that Plaintiff purchased, were marketed as producing 47 miles per gallon ("mpg") "47 city/47 highway/47 combined mpg".

6.      According to the tests run by Consumer Reports, the C-Max Hybrid's overall mpg should be adjusted downward from 47 mpg to 37 mpg. Similarly, Consumer Reports found that the Fusion Hybrid's overall mpg should be adjusted downward from 47 mpg to 39 mpg.

7.      Plaintiff has suffered injury in fact and has been damaged as a direct result of

Defendant's acts. Because of Defendant's unfair, deceptive and unconscionable acts and practices relating to the Vehicles' fuel economy, Defendant was able to charge a price premium for the Vehicles. Plaintiff and Class members have paid more for the Vehicles than they otherwise would have paid had the Vehicles contained accurate gas mileage and fuel economy rating information.

8.      Plaintiff brings this action on behalf of a class of Florida residents who purchased or leased a 2013 Ford Fusion Hybrid and/or C-Max Hybrid.

9.      Plaintiff and members of the Class seek restitution, damages and equitable relief, including disgorgement of profits, and appropriate attorney's fees and costs and any other relief the Court deems just.

### PARTIES

10.      Plaintiff, James Oldcorn ("Plaintiff"), is a Florida resident. Mr. Oldcorn ordered a 2013 C-Max Hybrid in or around October 2012, and the vehicle was delivered to Plaintiff in or around December 2012. Defendant's deceptive representations relating to the fuel economy and gas mileage estimate of Plaintiff's C-Max Hybrid played a substantial factor in influencing Plaintiff's decision to purchase this vehicle. Had Defendant's gas mileage estimate and fuel economy rating for Plaintiff's C-Max Hybrid accurately disclosed the vehicles EPA fuel economy rating, Plaintiff would not have purchased his C-Max or would have paid less for his car.

11.      Defendant, Ford Motor Company, is a corporation duly organized under the laws of the state of Delaware and is engaged in the manufacture and assembly of motor vehicles, including the 2013 Ford Fusion Hybrid and/or C-Max Hybrid, for sale in the state of Florida, and elsewhere throughout the United States.

## JURSIDICTION AND VENUE

12.     The Court has personal jurisdiction over Defendant and Defendant has been afforded due process because it has, at all times relevant to this cause of action, individually or through its agents, subsidiaries, officers and/or representatives, operated, conducted, engaged in and carried on a business venture in this State and/or maintained an office or agency in this State and/or sold products, committed a statutory violation within this State related to the allegations made herein, and caused injuries to Plaintiff and Class members herein, which arose out of the deceptive representations or omissions which occurred inside the State of Florida, during the relevant time period, at which time Defendant was engaged in business activities in the State of Florida, resulting in injuries to the Plaintiff and the Class members.

13.     Venue for this action is proper in this Court because Defendant is authorized to transact business in Florida, and the wrongdoing alleged occurred in this County as well as in other locations where Defendant sells and markets the C-Max Hybrid within Florida.

## FACTUAL ALLEGATIONS

14.     Under the Energy Policy Conservation Act of 1975 ("EPCA"), the EPA promulgated regulations requiring automobile manufacturers to attach a label, known as a "Monroney sticker," to the windshield or side window of each new automobile manufactured in a model year.

15.     The window sticker must contain certain essential information about the vehicle, including its manufacturer's suggested retail price, its engine and transmission specifications, its standard and optional equipment, warranty information, crash test ratings, and fuel economy estimates.

16.     The EPA establishes the test methods and calculations for determining fuel

economy estimates under the EPCA. The EPA requires all automakers to use certain standard testing procedures to determine a vehicle's mileage estimates, which then can be displayed on the vehicle's mandatory window sticker. These tests measure various aspects of the vehicle's design, including aerodynamics and road resistance.

17.     Each year, the EPA releases a city estimate, a highway estimate, and a combined city and highway estimate for all models of new vehicles that manufacturers plan to sell. The estimates are supposed to help consumers compare the fuel economy of different vehicles for both city and highway driving when shopping for vehicles. With fuel costs rising to unprecedented levels, fuel mileage has become one of the most important considerations for vehicle shoppers.

18.     Fuel economy estimates are calculated pursuant to a methodology developed by the EPA, but each individual car manufacturer typically conducts the actual test. The vehicle manufacturers conduct the tests and transmit the data to the EPA, which certifies the numbers. The EPA only tests approximately 15% of all vehicles to ensure their performance matches the mileage and emissions data submitted to the EPA by the manufacturer. According to the EPA, Defendant did not comply with EPA testing procedures, but rather failed to comply with such procedures and regulations.

19.     On December 6, 2012, Consumer Reports announced the results of a report of the Ford Fusion Hybrid and C-Max Hybrid vehicles manufactured by Defendant.

20.     The Consumer Reports investigation into the Vehicles was initiated as a part of its service to the public to assess problems for consumers purchase and use.

21.     According to Consumer Reports, the Vehicles' actual mileage ratings varied from the advertised ratings by as much as ten miles per gallon, depending on the particular model.

22.     Defendant has sold or leased hundreds if not thousands of Vehicles containing window stickers that deceptively overstated the estimated gas mileage and fuel economy rating information for the Vehicles.

23.     Well aware of the importance of fuel mileage to the public, in addition to including the fuel economy ratings on window stickers, Defendant widely touts its vehicles' "superior" gas mileage estimates and fuel economy ratings in advertisements, especially where their vehicles allegedly achieve better fuel economy ratings than their competitors.

24.     Defendant engaged in an extensive, uniform deceptive advertising campaign in Florida and throughout the United States, the goal of which was to convince consumers that the Vehicles were fuel efficient.

25.     Defendant consistently promoted the deceptive fuel economy of its vehicles including the Ford Fusion Hybrid and C-Max Hybrid.

26.     Because of its deceptive advertising campaign and the claims made therein, Defendant has charged a premium price for the Vehicles.

27.     Gas mileage estimates and fuel economy ratings contained on vehicle window stickers and featured in manufacturers' websites, brochures, and advertisements are material to consumers' choices about the vehicles they purchase.

28.     Defendant did not make any attempt to remediate, retract, or modify its deceptive representations regarding the gas mileage estimates and fuel economy ratings of the Vehicles.

## CLASS ACTION ALLEGATIONS

29.     Plaintiff incorporates and realleges the above paragraphs.

30.     Plaintiff brings this action as a class action pursuant to Rules 1.220(a), (b)(2) and (b)(3) of the Florida Rules of Civil procedure.

31.     Class Definition – Fla. R. Civ. P. 1.220(c)(2)(D)(ii):  Plaintiff sues on behalf of

6

himself and a Class defined as:

> **All Florida residents who purchased or leased a 2013 Ford**
> **Fusion Hybrid or C-Max Hybrid.**

32.     Excluded from the class is Defendant and its subsidiaries and affiliates, as well as Defendant's executives, board members, legal counsel, and their immediate families. Also excluded are all judicial officers and their staff assigned to hear any aspect of this case.

33.     Plaintiff reserves the right to amend or modify the Class definitions with greater specificity or further limitation to particular issues.

34.     Numerosity – Fla. R. Civ. P. 1.220(c)(2)(D)(i):. The proposed Class are sufficiently numerous, as Defendant sells and leases the C-Max Hybrid throughout the state of Florida. The members of the Class are so numerous and dispersed throughout Florida that joinder of all members is impracticable. The Class can be readily identified using vehicle window stickers, sales records, production records, and other information kept by Defendant or third parties in the usual course of business and presently within their control.

35.     Common Questions of Law and Fact – Fla. R. Civ. P. 1.220(c)(2)(B):  Common questions of fact and law exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class.  These questions include but are not limited to the following:

a. Whether Defendant advertised, marketed, leased and sold the Vehicles using deceptive and overstated gas mileage estimates and fuel economy rating information;

b. Whether Defendant knew that it advertised, marketed, leased and sold the Vehicles using deceptive gas mileage estimates and fuel economy rating information, and if so, when;

c. Whether the Vehicles' actual, inferior gas mileage estimates and fuel economy ratings

7

reduce the value of the vehicles;

d.      Whether Defendant's practices and representations made in connection with the labeling, advertising, marketing, promotion, lease and sale of the Vehicles is likely to deceive an objectively reasonable consumer;

e.      Whether Defendant's practices and representations made in connection with the labeling, advertising, marketing, promotion, lease and sale of the Vehicles were unfair and deceptive, in violation of the Florida Deceptive and Unfair Trade Practices Act, F.S. §§ 501.201, et. seq.;

f.      Whether Plaintiff and members of the Class have suffered damages as a result of the conduct alleged herein, and if so, the proper measure of such damages.

g.      Whether Plaintiff and other members of the Class are entitled to injunctive and other equitable relief.

36.     Typicality – Fla. R. Civ. P. 1.220(c)(2)(C):   Plaintiff's claims are typical of the claims of Class members because Plaintiff's claims arise from the same course of conduct by Defendant and the relief sought is common. Plaintiff, like all Class members, was exposed to Defendants' deceptive representations relating to his C-Max Hybrid's gas mileage estimates and fuel economy rating information and suffered injury as a result thereof.

37.     Adequacy – Fla. R. Civ. P. 1.220(c)(2)(D)(iii): Plaintiff will fairly and adequately represent and protect the interests of the Class and is committed to the vigorous prosecution of this action.  Plaintiff's interests are aligned with the Class and Plaintiff has no interests adverse to the class.  Plaintiff has retained counsel who are competent and experienced in class-action litigation.

38.     Manageability:   There are no difficulties likely to be encountered in the

management of this action as a class action that could not be managed by the Court: (a) the advantages of maintaining the action as a class action far outweigh the expense and waste of judicial effort that would result in thousands of separate adjudications of these issues for thousands of class members; and (b) class treatment further insures uniformity and consistency in results.

39.     Superiority - A class action is superior to other available methods for the fair and efficient adjudication of the Class claims herein asserted in that:

a.     Individual claims by Class members are impracticable as the costs of pursuit far exceed what any one individual Plaintiff or Class member has at stake;

b.     As a result, individual members of the Class have no interest in prosecuting and controlling separate actions;

c.     It is desirable to concentrate litigation of the claims herein in this forum; and

d.     The proposed class action is manageable.

## CAUSES OF ACTION

### COUNT I
### (Florida Deceptive and Unfair Trade Practices Act)

40.     Plaintiff and the Class re-allege and incorporate by reference the allegations contained in paragraphs one (1) through thirty-nine (39) of this complaint, as though fully set forth herein.

41.     Plaintiff asserts this cause of action on behalf of himself and the Class.

42.     Plaintiff and the other Class members are "consumers" as defined by Florida Statute §501.203(7), and the subject transactions are "trade or commerce" as defined by Florida Statute §501.203(8).

43.     FDUPTA was enacted to protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce.

44.     For the reasons discussed herein, Defendant violated and continues to violate the FDUPTA by engaging in the unconscionable, deceptive, unfair acts or practices described herein and  proscribed by Florida Statute §501.201, *et seq.* Defendant's unconscionable, deceptive and unfair acts and practices described herein were likely to, and did in fact, deceive members of the public, including consumers acting reasonably under the circumstances, to their detriment.

45.     In committing the acts alleged above, Defendant engaged in unconscionable, deceptive and unfair acts and practices acts by omitting, failing to disclose or adequately disclose, and/or concealing the material fact that it deceptively misrepresented the gas mileage estimates and fuel economy rating information of the Vehicles.

46.     Defendant's actions constitute unconscionable, deceptive, or unfair acts or practices because, as alleged herein, Defendant advertised, marketed, leased and sold the Vehicles using inaccurate and overstated gas mileage estimates and fuel economy rating information, thereby offending an established public policy, and engaging in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

47.     Plaintiff and the Class purchased or leased the Vehicles after viewing Defendant's deceptive representations relating to the Vehicles' gas mileage estimates and fuel economy rating in the Vehicles window stickers, advertisements, brochures, website, and other marketing materials, and Plaintiff and the Class have not received the promised gas mileage.

48.     Plaintiff and the other members of the Class paid a premium price for the Vehicles because they reasonably believed the Vehicles provided the purported mileage and fuel

10

economy benefits that Defendant claimed. Plaintiff and the Class have suffered ascertainable loss because they would not have purchased or leased, or would have paid less for, the Vehicles had Defendant's gas mileage estimate and fuel economy rating for the Vehicles accurately disclosed the Vehicles EPA fuel economy rating.

49.     The resale value of the Vehicles purchased by Plaintiff and the Class has also been negatively impacted causing injury. Furthermore, Plaintiff and the Class have already paid, and will be required to pay in the future, fuel costs over what they would have paid had Defendant accurately disclosed the Vehicles' fuel economy

50.     Defendant's unconscionable, deceptive and unfair acts and practices were consumer-oriented. Defendant engaged in the above-referenced conduct knowing that the vehicles were sold to consumers and that consumers would be affected by the unconscionable, deceptive, or unfair acts or practices alleged herein. Defendant represented and failed to disclose material facts regarding the vehicle's gas mileage estimate and fuel economy when it knew, or should have known, that the representations were deceptive, and reasonably likely to, and did in fact, deceive members of the public, including consumers acting reasonably under the circumstances, to their detriment.     As a result of Defendant's deceptive mileage and fuel economy claims, consumers, including Plaintiff and members of the Class, have purchased a product that does not perform as advertised.

51.     Plaintiff reserves the right to allege other violations of FDUPTA as Defendant's conduct is ongoing.

52.     As a direct and proximate result of the unconscionable, unfair, and deceptive acts or practices alleged herein, Plaintiff and the other Class members have been damaged and are entitled to recover actual damages, to the extent permitted by law, including §501.211, Florida

Statutes (2009) and class action rules, in an amount to be proven at trial. In addition, pursuant to §501.211, Florida Statutes (2009), Plaintiff and the Class seek equitable relief and to enjoin Defendant on the terms that the Court considers reasonable. Plaintiff also seeks reasonable attorneys' fees and costs, as well as statutory damages as prescribed by §§ 501.211(2) and 501.2075, Florida Statutes (2009).

## COUNT II
### (Breach of Contract)

53.     Plaintiff and the Class re-allege and incorporate by reference the allegations contained in paragraphs one (1) through thirty-nine (39) of this complaint, as though fully set forth herein.

54.     Plaintiff asserts this cause of action on behalf of himself and the Class.

55.     Defendant, through the Vehicles window stickers, advertisements, brochures, website, and other marketing materials, made uniform representations and offers regarding the quality and capabilities of the Vehicles, including that they meet the represented gas mileage estimate levels and achieved the represented fuel economy ratings.

56.     Plaintiff and members of the Class, by purchasing or leasing the Vehicles, accepted Defendant's offer and paid the consideration of the purchase or lease price.

57.     Defendant, Plaintiff, and Class members had the legal capacity to enter into such contracts.

58.     Defendant breached the contracts by not upholding its end of the bargain, namely by providing a product that does not meet the represented gas mileage estimate levels or achieve the represented fuel economy ratings.

59.     As a direct and proximate cause of Defendant's breach, Plaintiff and the Class members were damaged through higher fuel costs and loss of resale value in an amount that will

be proven at trial.

## COUNT III
### (Assumpsit)

60.     Plaintiff and the Class re-allege and incorporate by reference the allegations contained in paragraphs one (1) through thirty-nine (39)of this complaint, as though fully set forth herein.

61.     Plaintiff asserts this cause of action on behalf of himself and the Class.

62.     Plaintiff and members of the Class have conferred a substantial benefit upon Defendant through the lease or purchase of the Vehicles.

63.     During the Class Period, Defendant has wrongfully collected and retained money paid by Plaintiff and Class Members to Defendant for the purchase and lease of the Vehicles, based on Defendant's deceptive representations relating to the gas mileage and fuel economy ratings, as alleged herein.

64.     The payments were accepted and retained by Defendant under circumstances such that it would be inequitable for Defendant to retain the benefit without payment to Plaintiff and the members of the Class.  Defendant has enjoyed and continues to enjoy the benefit of the funds wrongfully retained from Plaintiff and the Class.

65.     As a result of Defendant's actions, Plaintiff and the respective Class have sustained damages in an amount to be determined at trial and seek full disgorgement and restitution of Defendant's enrichment, benefits, and ill-gotten gains acquired as a result of the unlawful or wrongful conduct alleged above.

66. Further, Plaintiff and the Class, individually and on behalf of the class, seek restitution and disgorgement of profits realized by Defendant as a result of its unfair and deceptive acts or practices.

67. Plaintiff and the class have suffered irreparable harm for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the Class, demands judgment against Defendant as follow:

### Count I
### (FDUTPA)

A. Permanently enjoining Defendant, its officers, agents, servants, employees, attorneys and those persons in active concert or participation with them who receive actual notice of the injunction, from engaging in unconscionable, deceptive and unfair acts and practices, in violation of Chapter 501, Part II, Fla. Stat. (2009);

B. Awarding Plaintiff and the Class damages on behalf of consumers injured by the unconscionable, deceptive and unfair acts and practices of Defendant, in accordance with §501.207(1)(c), Florida Statutes (2009);

C. Ordering reimbursement to Plaintiff and Class members in accordance with §501.207(3), Florida Statutes (2009);

D. Ordering Defendant to disgorge of ill-gotten revenues, profits or other remunerations they wrongfully obtained at the expense of Plaintiff and Class members in accordance with 501.207(3), Florida Statutes (2009);

E. Awarding reasonable attorney's fees, filing fees, expert fees, expenses and costs to Plaintiff and Class members, pursuant to §§501.2105 and 501.2075, Florida Statutes (2009);

14

## Count II
### (Breach of Contract)

F.      Ordering rescission of the contracts between Defendant, and Plaintiff and the

Class, and return of monies paid by Plaintiff and the Class to Defendant for the purchase or lease

of the Vehicles;

## Count III
### (Assumpsit)

G.      Restitution and disgorgement of profits realized by Defendant as a result of its

unfair, unlawful and/or deceptive practices;

## All Counts

H.      Certification of the class pursuant to Fla. R. Civ. P. 1.220, certifying Plaintiff as

the representative of the Class, and designating its counsel, Morgan and Morgan, as counsel for

the Class;

I.      Awarding Plaintiff and Class members damages and pre-judgment and post-

judgment interest as a result of Defendant's wrongful conduct alleged herein; and

J.      Awarding such further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury as to all issues so triable as a matter of right.

Dated:  February 14, 2013

Respectfully submitted,

John A. Yanchunis
Florida Bar No. 324681
Rachel L. Soffin
Florida Bar No. 18054
Christopher S. Polaszek
Florida Bar No. 116866
**Morgan & Morgan, P.A.**
One Tampa City Center

15

201 N. Franklin St., 7th Fl.
Tampa, FL 33602
Telephone: (813) 314-6484
Facsimile: (813) 222-2406
Email: jyanchunis@forthepeople.com
Email: rsoffin@forthepeople.com
Email: cpolaszek@forthepeople.com

Peter Safirstein
New York Bar No. 2044550
Elizabeth S. Metcalf
New York Bar No. 4644431
**Morgan & Morgan, P.C.**
28 West 44th Street, Suite 2001.
New York, NY 10036
Telephone: (212) 564-1637
Facsimile: (212) 564-1807
Email: psafirstein@forthepeople.com
Email: emetcalf@forthepeople.com